*ORIGINAL*

FILED
COURT

2011 NOV 17 AM 10: 34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM0078-10 |
| v. | ) |
| | ) DECISION AND ORDER ON |
| ALIK BENJAMIN, | ) DEFENDANT'S MOTION TO DISMISS |
| | ) CHARGES ONE AND TWO and MOTION |
| Defendant. | ) TO LIFT RESTRAINING ORDER |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 19, 2011, on DefendantAlik Benjamin's Motion to Dismiss Charge One and Charge Two. Attorney Richard S. Dirkx represented the defendant and Attorney Elizabeth S. Vasiliades represented the People of Guam. The parties submitted the matter on the briefs. Having considered the parties' arguments and the applicable law the Court now issues its Decision and Order.

### FACTUAL HISTORY

On January 28, 2010, Defendant Benjamin was charged by Magistrate's Complaint with one count of Family Violence (as a Misdemeanor), Assault (as a Misdemeanor), and Child Abuse (as a Misdemeanor). These charges arise out of an incident during which the defendant allegedly attacked his minor step-son, *E.S.*, by punching *E.S.* in the shoulder area and pulling his left ear. On March 5, 2010, this Court signed an Order of Conditional Release under which Defendant is prohibited from contacting the victim and other individuals.

### DISCUSSION

Defendant filed a motion to dismiss the first and second charges arguing that the charges are improper and should be dismissed. Thereafter, Defendant filed a motion requesting that this court lift the no contact order to allow Defendant to see his stepson and the boy's wife. This Court addresses each motion in turn.

-1-

## I. Motion to Dismiss the First and Second Charges

Defendant presents two arguments as to why the charges should be dismissed. The arguments are discussed separately below.

### a. *The Justification Statute*

Defendant first argues that the family violence and assault charges should be dismissed because these charges cannot be reconciled with Title 9 G.C.A. § 7.94, Guam's justification statute. The justification statute provides in relevant part:

> **§ 7.94 Use of Force by Person Having Special Care, Duty or Responsibility for Another.** The use of force upon another person is justified under any of the following circumstances:
>
> (a) a parent, guardian or other person responsible for the care and supervision of a minor less than eighteen years of age, or a person acting at the direction of such person, may use necessary force upon the minor for the purpose of safeguarding or promoting his welfare, including prevention and punishment of his misconduct. The force used for this purpose must not be intended to cause or known to create a substantial risk of causing extreme pain or gross degradation. . . .

9 G.C.A. § 7.94(a) (2005). This statute thus allows a parent to use force against a minor under certain circumstances, so long as the force does not cause, or create a substantial risk of causing, extreme pain or gross degradation. Defendant's assault and family violence charges, however, allege that Defendant caused only physical pain rather than extreme physical pain.[1] Defendant claims that because the allegations do not involve extreme pain or gross degradation, the simple assault and family violence charges cannot be reconciled with the justification statute.

Even assuming that Defendant is correct, Defendant is not entitled to dismissal of the charges at this stage. In order to dismiss the charges based on Defendant's arguments this Court would essentially have to find that the justification defense applies as a matter of law, which it cannot do. Following a trial, a jury may properly conclude that Defendant did not use force under

---

[1] Title 9 G.C.A. § 19.30(a)(1) and 30.10(a)(1), Guam's misdemeanor assault and family violence statutes, respectively, both include the element that the accused cause or attempt to cause bodily injury to another. These statutes expressly adopt the definition of the phrase "bodily injury" contained in 9 G.C.A. § 16.10, which provides that "bodily injury means physical pain, illness, unconsciousness or any impairment of physical condition." 9 G.C.A. § 16.10(a).

appropriate circumstances as defined by the statute; or the jury may find that the force used by Defendant caused or created a substantial risk of causing extreme pain or gross degradation, despite the fact that the prosecution has elected to charge defendant only with simple assault and misdemeanor family violence and child abuse. If the jury rejects the defense then there is no conflict between the justification statute and the assault and family violence charges. As such, dismissing the charges at this time is premature. Moreover, this Court is confident that following a trial, the jury can be properly instructed on the justification defense and its effect on each of the charged offenses.

### b. The Specific Statute vs. General Statute

Defendant next argues that Guam's Child Abuse statute represents a specific statute that overrides Guam's family violence and assault statutes, which Defendant claims are general statutes. Defendant cites two California Supreme Court cases in support of his premise that the prosecution cannot charge a defendant under a general criminal statute where the legislature has provided a specific statute relating to the conduct in question. However, this Court need not look beyond Guam's own laws to conclude that dismissal of the charges is not warranted. Title 9 G.C.A. § 1.22 provides in relevant part:

**§ 1.22. Prosecution for Conduct Which Constitutes More Than One Offense.**

When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be *prosecuted* for each such offense. He may not however be *convicted* of more than one offense if:

. . .

(d) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

9 G.C.A. § 1.22(d) (emphasis added). Under this statute the prosecution is clearly authorized to charge and prosecute both general and specific crimes. The prosecution is therefore not barred from charging a defendant with a violation of the child abuse, family violence, and assault statutes. See also, People v. Simion, CM0270-04, at 4-5 (Super. Ct. Guam Dec. 30, 2004) (declining to dismiss charges on basis that specific child abuse statute supplanted the family

violence statute; finding that the family violence statute qualifies as a specific statute relating to different conduct than that targeted by the Child Abuse statutes and also finding that prosecutorial discretion authorized prosecution to charge both offenses). An issue arises under Guam law only if the court enters judgment of conviction for violation of both a general criminal statute and a specific criminal statute that prohibits conduct also barred by the general statute. In this case, the prosecution has properly charged the alleged offenses.

II.     Motion to Lift No Contact Order

Defendant requests that the restraining order be lifted so as to allow Defendant to see his stepson and the boy's mother and return to his family life. Both the victim and the victim's mother signed a waiver requesting that the no contact order be lifted. The prosecution opposes any modification of the no contact order on grounds that lifting the no contact order would allow Defendant to unduly influence E.S., who is a material witness in the prosecution, and may place the victim at risk of harm. Upon consideration of the factors, this Court finds that declines to lift the no contact order.

## CONCLUSION

Based on the foregoing Defendant Alik Benjamin's Motion to Dismiss Charges One and Two is hereby DENIED. Defendant's Motion to Lift Restraining Order is hereby DENIED. A trial setting will be held on December 20, 2011, at 2:00 p.m.

**IT IS SO ORDERED** this 17th day of November, 2011

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

NOV 1 8 2011

-4-